# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| GERMAINE ANTONIO BAKER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:18-cv-00686-O |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | § § § § § | |
| Defendant. | § § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. *See* Findings, Conclusions, and Recommendation ("FCR"), April 11, 2019, ECF No. 18. Plaintiff Germaine Antonio Baker filed objections. *See* Pl.'s Obj. FCR, ECF No. 19. The Magistrate Judge recommends that the Court affirm the Commissioner's decision. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which the objections were made. The Court finds that the findings and conclusions of the Magistrate Judge are correct. Therefore, the FCR in this case (ECF No. 18) should be and is hereby **ACCEPTED** and Plaintiff's objections are **OVERRULED**.

I.  **BACKGROUND**

This case involves the denial of a claim for a period of disability and disability insurance benefits. Plaintiff alleges that his disability began on October 15, 2012. SSA Admin. R., ALJ Hr'g Decision, App. 12, ECF No. 13-1 [hereinafter, "ALJ Decision"]. Plaintiff filed an application for disability insurance benefits on October 6, 2014. *Id.* The Commissioner of the Social Security

1

Administration (the "Commissioner") denied his claim on January 9, 2015, and again upon reconsideration on April 8, 2015. *Id.* Administrative Law Judge ("ALJ") J. Michael Brounoff conducted a hearing on December 19, 2016, and issued a decision on September 15, 2017, finding Plaintiff was not disabled. FCR 1, ECF No. 18. The ALJ applied the five-step analysis for determining disability under 20 C.F.R. §404.1520. ALJ Decision, App. 13, ECF No.13-1. After evaluating medical opinions and Plaintiff's impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to work in a variety of positions nationwide. *See id.* at 17, 23.

## II. LEGAL STANDARD

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards when evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). When applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991).

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is disabled or not disabled, the evaluation does not go on to the next step. *Id*. The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) the medical severity of the claimant's impairments; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) the claimant's residual functional capacity and past relevant work; and (5) whether the combination of the claimant's residual functional capacity, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *See id*. If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct a residual functional capacity assessment. *Id*. § 404.1520a(d)(3).

## III.  ANALYSIS OF OBJECTIONS

Challenging the Commissioner's denial of his disability claims, Plaintiff argues the Commissioner's decision is not supported by substantial evidence. Pl.'s Obj. FCR 1–2, ECF No. 19. Plaintiff contends that the ALJ failed to incorporate functional limitations stemming from the impairments which the ALJ recognized to be severe and to give due weight to medical opinion evidence, resulting in a flawed RFC assessment. *Id*. Therefore, Plaintiff argues that the ALJ's determination at step five, that work exists in significant numbers that Plaintiff can perform, is not supported by substantial evidence. *Id*.

The Magistrate Judge recommended that the alleged error was harmless. However, Plaintiff objects, arguing that the ALJ's failure to evaluate Plaintiff's impairments pursuant to the mandated psychiatric review technique ("PRT") cannot be harmless error. *Id*. at 2.

### A. Functional Limitations

RFC is defined as "the most [one] can still do despite [his/her] limitations that affect what [he/she] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). When establishing a plaintiff's RFC, "an ALJ need not explain in his or her written determination *all* evidence contained in the record." *Ramirez v. Colvin*, No. 2:12-CV-262, 2014 WL 1293888, at *10 (N.D. Tex. Mar. 28, 2014) (emphasis added). Accordingly, when reviewing an ALJ's decision a court must determine whether the ALJ supported his determination with substantial evidence, and, if the ALJ failed to do so, determine whether the error was harmless. *Audler v. Astrue*, 501 F.3d 446, 448–49 (5th Cir. 2007). Additionally, the Fifth Circuit has held that "procedural defects in the agency process are reversible error when the substantial rights of a party have been affected." *McGehee v. Chater*, No. 95-10499, 1996 WL 197435, at *3 (5th Cir. March 21, 1996). Therefore, if the ALJ's decision is adequately supported by the record, and reflects due consideration of Plaintiff's condition, remand is unnecessary to correct the procedural impediment. *Id*.

Plaintiff argues that the ALJ failed to incorporate the functional limitations of his somatoform or personality disorder into the RFC by failing to properly analyze them using the mandated PRT. *Id*. at 2. Specifically, Plaintiff contends that the ALJ did not address the degree of functional limitations in the four "paragraph B" criteria. *Id*. Plaintiff claims that having done so, the ALJ's analysis would have resulted in a change in Plaintiff's RFC and "may have resulted in a totally different outcome." *Id*. at 4.

Plaintiff objects to the Magistrate Judge's finding that the error can be dismissed as harmless. *Id*. at 3. Plaintiff contends that it is "sheer speculation to assume that the [RFC] would not have changed had the ALJ considered the effects of Plaintiff's somatoform disorder and personality disorder under the PRT…" *Id*.

Here, to reach his conclusion, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." ALJ Decision, App. 17, ECF No. 13-1. The ALJ reviewed Plaintiff's self-assessments and found that they did not fully corroborate with functional tests. *Id*. at 18; *see also Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (ALJ must consider subjective evidence of pain but it is within his discretion to determine the pain's disabling nature). Specifically, the ALJ found that the somatization and personality disorders diagnosed by Dr. George Mount should be given little weight because they exceeded objective evidence and did not corroborate with the low-dosage of medication Plaintiff was prescribed. ALJ Decision, App. 20–21, ECF No. 13-1. After considering the totality of the evidence presented, the ALJ determined that the Plaintiff's symptoms are not entirely consistent with medical evidence and other evidence. *Id*. at 18. Therefore, based on this reasoning, substantial evidence supports the ruling of the ALJ.

Furthermore, even if the ALJ did not have substantial evidence, Plaintiff would have to demonstrate that the effect was more than "harmless." *Audler*, 501 F.3d at 448. Plaintiff can accomplish this by showing he "could and would have adduced evidence that might have altered the result." *Brock v. Charter*, 84 F.3d 726, 728–29 (5th Cir. 1996) (citation omitted). Here, although the ALJ did not evaluate the somatoform and personality disorder under the PRT, he *did* take into account the *symptoms* stemming from the disorders in his decision. ALJ Decision, App. 20–21, ECF No. 13-1. Additionally, in his objection to the Magistrate Judge's finding, Plaintiff has not carried his burden to show that the failure to utilize the PRT amounted to more than "harmless error." *Audler*, 501 F.3d at 448. Therefore, Plaintiff's "functional limitations" objection is **OVERRULED**.

B. **Improper Weight Given to Medical Opinions**

Additionally, Plaintiff argues that the ALJ failed to give proper weight to the medical opinion evidence of Dr. George Mount, Dr. Dona Locke, and Dr. Sharon Rodgers. Pl.'s Obj. FCR 4, ECF No. 19. In objecting to the Magistrate Judge's recommendation, Plaintiff argues that the Magistrate Judge "failed to recognize that the consulting physicians supported their opinions through diagnostic testing which disclosed the extent and severity of Plaintiff's mental disorders." *Id*. at 3.

1. Dr. Mount

Dr. Mount administered the Beck Depression and Anxiety Inventories, the Millon Clinical Multiaxial Inventory, and the Millon Behavioral Medicine Diagnostic. *Id*. at 4. Specifically, Plaintiff contends that the ALJ failed to give proper weight to the findings of these tests and did not refer to any other objective testing that would have refuted Dr. Mount's results. *Id*. Further, Plaintiff takes issue with the ALJ's dismissal of these findings, arguing that they "revealed significant limitations in Plaintiff's ability to perform work-related activities." Pl.'s Obj. FCR 4, ECF No. 19. Plaintiff underscores that the Magistrate Judge similarly "failed to recognize" these findings. *Id*. at 3.

Because Plaintiff's relationship with Dr. Mount was a one-time examination, Dr. Mount is considered a "non-treating source." 20 C.F.R. § 404.1527(a)(2). An ALJ is not required to give controlling weight to a non-treating source's opinion. *Andrews v. Astrue*, 917 F. Supp. 2d 624, 637 (N.D. Tex. 2013); *see also* 20 C.F.R. § 404.1527(c)(2). "The interpretation of an expert's opinion is committed to the sound discretion of the ALJ." *Smith v. Chater*, No. 94-60759, 1995 WL 581840, at *1 (5th Cir. Sept. 20, 1995).

In the FCR, the Magistrate Judge reasoned as follows:

The ALJ ultimately gave Dr. Mount's opinion little weight because (1) "[t]hese self-reported symptoms exceed objective evidence," (2) the symptoms are

> "questionable" because the "evidence indicates [Baker], who was lost to mental health care for several months prior to [Dr. Mount's] examination, remained stable on a low dose of Lexapro," and (3) the "exacerbated symptoms [sic] rarely reported by [Baker] or observed by treating sources in the months prior to this examination." (*Id.*) (internal citations omitted). Thus, the ALJ considered and discussed the reasons why he gave Dr. Mount's medical opinions little weight.

FCR 10, ECF No. 18. Having considered the Magistrate Judge's reasoning and applicable law, this Court finds that the Magistrate Judge correctly concluded that the ALJ gave proper weight to the opinion of Dr. Mount. *See Smith*, 1995 WL 581840, at *1. Thus, Plaintiff's objection to the weight given to Dr. Mount is **OVERRULED**.

2. Dr. Locke

Plaintiff claims that the ALJ failed to refer to any objective testing that would refute the results obtained by Dr. Locke. Pl.'s Obj. FCR 4, ECF No. 19. According to Plaintiff, Dr. Locke's neuropsychological evaluation revealed impairment in verbal memory and psychomotor speed as well as severe elevations of depression, anxiety, and sleepiness. *Id*. Here too, Plaintiff objects to the Magistrate Judge's failure to recognize Dr. Locke's opinions were supported through diagnostic testing.

The Court finds that because Dr. Locke was a consultative source, and an ALJ is not required to give controlling weight to a non-treating source's opinion, the interpretation of Dr. Locke's medical opinion was within the discretion of the ALJ. 20 C.F.R. § 404.1527(c)(2); *Smith*, 1995 WL 581840, at *1.

Moreover, in this case, the ALJ *did* give substantial weight to the findings of Dr. Locke. ALJ Decision, App. 20, ECF No. 13-1. But, importantly, the ALJ decided that Dr. Locke's findings, albeit persuasive, would not affect Plaintiff's RFC. *Id.*; *see also Moore v. Sullivan*, 919 F.2d 901 (5th Cir. 1990) (The "ALJ has sole responsibility for determining a claimant's disability status."). Accordingly, this Court finds that the ALJ's interpretation of Dr. Locke's opinion was

7

within his discretion. *Smith*, 1995 WL 581840, at *1. As such, Plaintiff's objection to Magistrate Judge's finding regarding the ALJ's weight given to Dr. Locke is **OVERRULED**.

       3.      <u>Dr. Rogers</u>

Finally, Plaintiff argues that the ALJ rejected Dr. Roger's opinion without substantial evidence. Pl.'s Obj. FCR 5–6, ECF No. 19. Specifically, Plaintiff claims that the ALJ wrongfully believed Dr. Roger's supplemental opinion was based off Plaintiff's physical limitations and that the ALJ should have called a supplemental hearing to assess the effect of the limitations. *Id*. at 5. Plaintiff objects to the Magistrate Judge's finding that the "ALJ properly refused to give significant weight to the supplemental opinion of Dr. Rogers, claiming that such opinions were based upon [Plaintiff's] physical limitations, which were outside of the scope of her expertise." *Id*. Plaintiff argues that the "opinions of Dr. Rogers clearly pertain to Plaintiff's psychological functioning." *Id*.

Although Dr. Rogers is a non-examining source, her opinions cannot be rejected without an explanation. *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017). In considering Plaintiff's objection, the Court finds that the Magistrate Judge was correct in his assessment of the weight given to Dr. Rogers. As noted by the Magistrate Judge, the ALJ explained how he weighed evidence provided by Dr. Rogers. ALJ Decision, App. 21, ECF No. 13-1. The ALJ first gave significant weight to the finding that Plaintiff suffered from symptoms that would inhibit his ability to focus and concentrate on more than simple tasks because it was consistent with treatment records. *Id*. The ALJ then addressed each supplemental answer and assigned limited weight to them not only because some were outside the scope of Dr. Roger's expertise as a psychologist, but also because some were vague and imprecise. *Id*. For the impairments outside of the scope of Dr. Roger's area of expertise, the ALJ looked instead to the interrogatories provided by Dr. Anigbogu

8

because his area of expertise included physical limitations. *Id*. at 22. The Court therefore finds that contrary to Plaintiff's objection, a supplemental hearing was not necessary to assess the limitations noted by Dr. Roger's upon Plaintiff's ability to work. Accordingly, Plaintiff's objection here is **OVERRULED**.

Overall, the ALJ addressed the individual issues to which Plaintiff now objects and provided reasoning for his decision. Therefore, this Court finds substantial evidence to support the ALJ's decision. *See Leggett*, 67 F.3d at 564; *see also Johnson*, 864 F.2d at 343–44.

## IV. CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's objections and **ACCEPTS** the FCR of the United States Magistrate Judge. Accordingly, the Court **AFFIRMS** the decision of the ALJ and that of the Commissioner. This action is therefore **DISMISSED with prejudice**.

**SO ORDERED** this **3rd day** of **July, 2019**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**